UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **AERITAS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**CHICK-FIL-A, INC.,**<br>**CFA PROPERTIES, INC., and**<br>**CFA SERVCO, INC.,**<br><br>Defendants | **Case No. 6:19-cv-00052**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Aeritas, LLC ("Aeritas" or "Plaintiff") files this Complaint for patent infringement against Defendants Chick-Fil-A, Inc. CFA Properties, Inc., and CFA Servco, Inc., and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq*.

**PARTIES**

2. Aeritas is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas and its registered agent at 15950 Dallas Parkway, Suite 225, Dallas, TX 75248.

3. Upon information and belief, Defendant, Chick-Fil-A, Inc. ("CFA"), is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 5200 Buffington Road, Atlanta, Georgia 30349-2998.

4.      Upon information and belief, Defendant, CFA Properties, Inc. ("CFAP"), is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at CFA Place, 911 Hildebrand Lane, #102, Bainbridge Island, Washington 98110.

5.      Upon information and belief, Defendant, CFA Servco, Inc. ("CFAS"), is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 5200 Buffington Road, Atlanta, Georgia 30349-2998.

6.      Defendants CFA, CFAP, and CFAS are collectively referred to herein as Defendants

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Upon information and belief, Defendants are subject to personal jurisdiction of this Court based upon it having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district ("District") and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendants have committed acts of infringement and have regular and established places of business in this District.

## ASSERTED PATENTS

10.     On April 27, 2010, United States Patent No. 7,706,819 (the "'819 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '819 patent is attached hereto as Exhibit A. Aeritas is the owner of all right, title and interest in and to the '819 patent.

11. On November 8, 2011, United States Patent No. 8,055,285 (the "'285 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '285 is attached hereto as Exhibit B. Aeritas is the owner of all right, title and interest in and to the '285 patent.

12. On July 12, 2016, United States Patent No. 9,390,435 (the "'435 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '435 patent is attached hereto as Exhibit C. Aeritas is the owner of all right, title and interest in and to the '435 patent.

13. On February 6, 2018, United States Patent No. 9,888,107 (the "'107 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '107 patent is attached hereto as Exhibit D. Aeritas is the owner of all right, title and interest in and to the '107 patent.

14. The '819, '285, '435, and '107 patents ("Asserted Patents") were invented by Malik Mamdani, Patrick Johnson, Kevin Bomar, Curtis Grant, and Tim Whatley. Mr. Mamdani lives in Dallas, Texas. On information and belief, Mr. Johnson lives in Trophy Club, Texas. On information and belief, Mr. Bomar lives in Weatherford, Texas. On information and belief, Mr. Grant lives in Flower Mound, Texas. On information and belief, Mr. Whatley lives in Athens, Texas. The Asserted Patents were prosecuted by David Judson, with an office in Dallas, Texas.

## BACKGROUND

15. Aeritas developed its mobile device location-based information service based on research and development activities that began around 2000. In recognition of its pioneering efforts in this field, the United States Patent & Trademark Office issued the inventors several U.S. patents directed to Aeritas' innovative technology platform, service and notification method. These include the Asserted Patents.

16. Defendants provide mobile device applications (Chick-fil-A One™) for both iOS and Android devices (https://www.chick-fil-a.com/One) (collectively, the "Accused Instrumentality") which, on information and belief, operate substantially the same with respect to the Asserted Patents.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '819 Patent)

17. Aeritas incorporates paragraphs 1 through 16 as though fully set forth herein.

18. Defendants have been and are now infringing one or more claims of the '819 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality in the United States without authority.

19. More particularly, Defendants infringe at least claim 1 of the '819 patent. Defendants receive spoken input from a wireless communication device (e.g., when a user searches for a location or specific store using voice input). Defendants obtain data identifying the current location of the mobile device (e.g., as evidenced by permissions required to access the device's location and subsequent provision of location-based information and the location of the device on a search result map). Based on the location and the spoken input, Defendants retrieve information (e.g., the nearby availability of stores subject to the voice search). Defendants deliver to the wireless device by a notification server, a non-verbal response to the spoken input, the non-verbal response based on the retrieved information and including a scroll-down menu by which additional information related to the retrieved information can be obtained (e.g., the nearby stores subject to the voice search, distance to mobile device). Defendants provide additional information related to the retrieved information in response to receipt of at least one additional input provided via the scroll-down menu (e.g., distance and other information about nearby stores in response to selection of the "nearest" link).

20. Aeritas has been damaged by Defendants' infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '285 Patent)**

21. Aeritas incorporates paragraphs 1 through 16 as though fully set forth herein.

22. Defendants have been and are now infringing one or more claims of the '285 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality in the United States without authority.

23. More particularly, Defendants infringe at least claim 1 of the '285 patent. Defendants receive and store an input in a user profile in a database, the input comprising consumer interest data (e.g., items in "Favorites"). At a second time, data identifying a current location of the mobile communications device on which the Accused Instrumentality is installed is obtained (e.g., upon application launch or return to Favorites). Based on the input and location, Defendants perform a search to locate pertinent information (e.g., selection of "Favorites" from the results in a search for nearby stores) and receive the results of such search, distance from mobile device. Defendants then provide the information to the mobile communications device.

24. Aeritas has been damaged by Defendants' infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '435 Patent)**

25. Aeritas incorporates paragraphs 1 through 16 as though fully set forth herein.

26. Defendants have been and are now infringing one or more claims of the '435 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality in the United States without authority.

27. More particularly, Defendants infringe at least claim 1 of the '435 patent. On information and belief, Defendants employ a processor and computer memory holding computer program instructions to perform the functions described herein. Defendants receive data indicating permission to provide a notification to a mobile device user in accordance with notification criteria (e.g., according to App notification settings). At a given time, Defendants determine the location of the mobile device (e.g., as evidenced by permissions required to access the device's location and subsequent provision of location-based information). Based on the location and notification criteria, Defendants provide at least a visual alert notification (e.g., a push notification to the mobile device when a user arrives at a Chick-fil-A location). Defendants receive second data as a result of an input being received at the mobile device (e.g., interaction with the notification), retrieve information associated with the input and location (e.g., information about the specific Chick-fil-A store), and provide responsive information to the mobile device (e.g., store information).

28. Aeritas has been damaged by Defendants' infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '107 Patent)**

29. Aeritas incorporates paragraphs 1 through 16 as though fully set forth herein.

30. Defendants have been and are now infringing one or more claims of the '107 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality in the United States without authority.

31. More particularly, Defendants infringe at least claim 5 of the '107 patent. On information and belief, Defendants employ a processor and computer memory holding computer program instructions to perform the functions described herein. Defendants receive data indicating permission to provide a notification to a mobile device user in accordance with notification criteria (e.g., according to App notification settings). At a given time, Defendants determine the location of the mobile device (e.g., as evidenced by permissions required to access the device's location and subsequent provision of location-based information). Based on the location and notification criteria, Defendants provide at least a visual alert notification (e.g., a push notification to the mobile device when a user arrives at a Chick-fil-A location: an "order is ready"). Defendants receive second data as a result of an input being received at the mobile device (e.g., interaction with the notification), retrieve information associated with the input and location (e.g., information about the specific Chick-fil-A store), and provide responsive information to the mobile device (e.g., store information). On information and belief, the program instructions include first and second components of a rules engine to evaluate notification criteria and execute notification rules (e.g., as evidenced by the provision of a notification based on conditions).

32. Aeritas has been damaged by Defendants' infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Aeritas hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Aeritas requests that the Court enter a judgment in its favor and against Defendant as follows:

A. Permanently enjoining Defendants, their agents, servants, and employees, and all those in privity with it or in active concert and participation with it, from engaging in acts of infringement of the Asserted Patents;

B. Awarding Aeritas past and future damages together with prejudgment interest and post-judgment interest to compensate for the infringement of the patents-in-suit in accordance with 35 U.S.C. § 284;

C. Declaring this case exceptional, pursuant to 35 U.S.C. § 285;

D. Awarding Aeritas its costs (including expert fees), disbursements, and attorneys' fees; and

E. Granting such further relief as this Court deems to be just and proper.

Dated: February 13, 2019                Respectfully submitted,

/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
106 E. Sixth Street, Suite 900
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEY FOR PLAINTIFF
AERITAS, LLC**