**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **AERITAS, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**CHICK-FIL-A, INC., CFA PROPERTIES, INC., and CFA SERVCO, INC.,**<br><br>　　Defendants. | **CIVIL ACTION NO.<br>6:19-cv-00052-JDK**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Chick-fil-A, Inc., ( "Chick-fil-A" or "Defendant") hereby files its Answer, Affirmative Defenses, and Counterclaims, to Aeritas, LLC's ("Plaintiff" or "Aeritas") Original Complaint for Patent Infringement (the "Complaint") (Dkt. No. 1). Defendant denies the allegations and characterizations in the Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

**NATURE OF THE ACTION**

1.　Defendant admits that Plaintiff has instituted an action against Defendant alleging patent infringement arising under 35 U.S.C. § 1 *et seq*, but denies that Plaintiff has any claim thereunder.

**THE PARTIES**

2.　Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3.      Chick-fil-A, Inc. admits that it is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 5200 Buffington Road, Atlanta, Georgia, 30349.

4.      Chick-fil-A, Inc., admits that CFA Properties, Inc. is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 911 Hildebrand Lane NE, Suite 102, Bainbridge Island, Washington 98110.  Plaintiff has filed a motion to dismiss CFA Properties, Inc. from this action, so CFA Properties, Inc. does not participate in the instant Answer, Affirmative Defenses, or Counterclaims.

5.      Chick-fil-A, Inc. admits that CFA Servco, Inc. has its principal place of business at 5200 Buffington Road, Atlanta, Georgia 30349, but denies that it is a corporation organized and existing under the laws of the State of Colorado. Plaintiff has filed a motion to dismiss CFA Servco, Inc. from this action, so CFA Servco, Inc. does not participate in the instant Answer, Affirmative Defenses, or Counterclaims.

6.      No response is needed to paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Defendant admits that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff has any claim thereunder.

8.      Defendant Chick-fil-A, Inc. admits that the Court has personal jurisdiction over it. Defendant Chick-fil-A, Inc. denies that CFA Properties, Inc. and CFA Servco, Inc. are subject to personal jurisdiction in this District.  Defendant denies any allegations of infringement and all other remaining allegations in paragraph 8 of the Complaint.

9. Defendant denies that this District is an appropriate or convenient venue for this action and reserves the right to seek transfer to a more convenient forum. Defendant denies that it has committed any act of infringement within this District or any other district. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

## ASSERTED PATENTS

10. Defendant admits that a copy of what purports to be United States Patent No. 7,706,819 (the "'819 patent"), titled "Mixed-Mode Interaction," was attached to the Complaint as Exhibit A. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 10 of the Complaint, and therefore denies them.

11. Defendant admits that a copy of what purports to be United States Patent No. 8,055,285 (the "'285 patent"), titled "Mixed-Mode Interaction," was attached to the Complaint as Exhibit B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 11 of the Complaint, and therefore denies them.

12. Defendant admits that a copy of what purports to be United States Patent No. 9,390,435 (the "'435 patent"), titled "Mixed-Mode Interaction," was attached to the Complaint as Exhibit C. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 12 of the Complaint, and therefore denies them.

13. Defendant admits that a copy of what purports to be United States Patent No. 9,888,107 (the "'107 patent"), titled "Mixed-Mode Interaction," was attached to the Complaint as Exhibit D. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 13 of the Complaint, and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint, and therefore denies them.

## BACKGROUND

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16. Defendant admits that Defendant Chick-fil-A, Inc. provides a mobile device application for both iOS and Android devices. Defendant denies that these mobile device applications are Chick-fil-A One™, or that these mobile device applications are represented by https://www.chick-fil-a.com/One. Defendant denies all remaining allegations of paragraph 16 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '819 Patent)

17. Defendant refers to and incorporates its responses to paragraphs 1-16, above, as though fully set forth herein.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

### SECOND CLAIM FOR RELIEF
### (Infringement of the '285 Patent)

21. Defendant refers to and incorporates its responses to paragraph 1-20, above, as though fully set forth herein.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '435 Patent)

25. Defendant refers to and incorporates its responses to paragraph 1-24, above, as though fully set forth herein.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

### FOURTH CLAIM FOR RELIEF
### (Infringement of the '107 Patent)

29. Defendant refers to and incorporates its responses to paragraph 1-28, above, as though fully set forth herein.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's request for a trial by jury does not require a response from Defendant.

### PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies any liability to Plaintiff, denies that Plaintiff is entitled to any relief from Defendant, and denies all of the allegations contained in Plaintiff's Prayer for Relief.

### GENERAL DENIAL

To the extent that any allegations in the Complaint have not been specifically admitted or denied, Defendant denies them.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Defense
### (Non-infringement)

Defendant does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Asserted Patents.

### Second Defense
### (Invalidity)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Failure to Mark)

To the extent that Plaintiff and alleged predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the Asserted Patents, Defendant is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

### Fourth Defense
### (Laches, Estoppel, and Waiver)

Plaintiff's attempted enforcement of the Asserted Patents against Defendant is barred by laches, estoppel, and waiver.

### Fifth Defense
### (Limitation on Damages)

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### Sixth Defense
### (Prosecution History Estoppel)

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

### Seventh Defense
### (Divided Infringement)

Claims in the Asserted Patents require actions by multiple parties in order to infringe the recited methods. Defendant does not perform, direct, or control every element of such claims.

### Eighth Defense
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Ninth Defense
### (Reservation of Rights)

Defendant reserves the right to add any additional defenses (including but not limited to inequitable conduct) or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Chick-fil-A, Inc. ("Defendant"), for its counterclaims against Plaintiff and Counterclaim-Defendant Aeritas, LLC ("Aeritas"), states as follows:

## PARTIES

1. Counterclaim-Plaintiff Chick-fil-A, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

2. On information and belief based solely on paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim-Defendant Aeritas, LLC is a Texas limited liability company with a principal office in Dallas, Texas, and its registered agent at 15950 Dallas Parkway, Suite 225, Dallas, TX 75248.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et *seq*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue in this District is appropriate over these Counterclaims because Aeritas has consented to the propriety of venue in this District by filing its claims for patent infringement in this District, in response to which these Counterclaims are asserted.

## FIRST COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '819 PATENT

5. Based on Aeritas' filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 7,706,819 ("the '819 Patent").

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Defendant requests a declaration by the Court that it does not infringe any claim of the '819 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## SECOND COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '285 PATENT

7. Based on Aeritas' filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 8,055,285 ("the '285 Patent").

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that it does not infringe any claim of the '285 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## THIRD COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '435 PATENT

9. Based on Aeritas' filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 9,390,435 ("the '435 Patent").

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that it does not infringe any claim of the '435 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## FOURTH COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '107 PATENT

11. Based on Aeritas' filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 9,888,107 ("the '107 Patent").

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that it does not infringe any claim of the '107 Patent

under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## FIFTH COUNTERCLAIM
## DECLARATION REGARDING INVALIDITY OF THE '819 PATENT

13. Based on Aeritas' filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and exists between the parties as to the validity of the claims of the '819 Patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '819 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## SIXTH COUNTERCLAIM
## DECLARATION REGARDING INVALIDITY OF THE '285 PATENT

15. Based on Aeritas' filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '285 Patent.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '285 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## SEVENTH COUNTERCLAIM
### DECLARATION REGARDING INVALIDITY OF THE '435 PATENT

17. Based on Aeritas' filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '435 Patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '435 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## EIGHTH COUNTERCLAIM
### DECLARATION REGARDING INVALIDITY OF THE '107 PATENT

19. Based on Aeritas' filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '107 Patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Defendant requests a declaration by the Court that the claims of the '107 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## DEMAND FOR JURY TRIAL

21. Defendant demands a trial by Jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asks this Court to enter judgment in favor of Defendant and against Aeritas by granting the following relief:

a) a declaration that the asserted claims of the '819, '285, '435, and '107 Patents are invalid;

b) a declaration that Defendant does not infringe, under any theory, any claim of '819, '285, '435, and '107 Patents;

c) a declaration that Aeritas take nothing by its Complaint;

d) judgment against Aeritas and in favor of Defendant;

e) dismissal of Aeritas' Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Defendant of its costs and attorneys' fees incurred in this action; and

g) any and all further relief as the Court may deem just and proper.

Date: May 16, 2019      Respectfully submitted,

By:   */s/ Robert L. Lee*
Robert L. Lee
(Georgia Bar No. 443,978)
Bob.Lee@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St. NE
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Defendant*
*Chick-fil-A, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

May 16, 2019 */s/ Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)