**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **AERITAS, LLC,**<br>     **Plaintiff** | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **Case No. 6:19-cv-00052-JDK** |
| **CHICK-FIL-A, INC.,**<br>     **Defendant.** | §<br>§<br>§<br>§ | |

**SCHEDULING ORDER**

Based on the parties' the Joint Report, the Court hereby **CANCELS** the Rule 16 Pretrial Conference set for June 25, 2019.  Docket No. 15 at 5.

Pursuant to Federal Rule of Civil Procedure 16(b) and the Eastern District of Texas Local Rules (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case:

| | |
|---|---|
| **November 16, 2020** | **9:00 a.m. JURY SELECTION AND TRIAL before Judge Jeremy D. Kernodle, 221 W. Ferguson St., 1st Floor, Tyler, Texas.** |
| **To be scheduled by the Court at a later date** | A **pretrial conference** will be conducted, in person, if the Court determines such a conference is necessary.<br><br>Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend. Lead counsel and *pro se* parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial.  All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. |
| October 21, 2020 | **Notify Court of Agreements Reached During Meet and Confer**.<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| October 12, 2020 | **File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations**. |

| October 5, 2020 | **File Notice of Request for Daily Transcript or Real Time Reporting**. |
| --- | --- |
| | If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court. |
| September 28, 2020 | **File Motions *in Limine***. |
| | The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| September 28, 2020 | **Serve Objections to Rebuttal Pretrial Disclosures**. |
| September 14, 2020 | **Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures**. |
| August 31, 2020 | **Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof**. |
| July 20, 2020 | **File Motions to Strike Expert Testimony (including Daubert Motions)**. |
| | No motion to strike expert testimony (including *Daubert* motions) may be filed after this date without leave of the Court. |
| July 20, 2020 | **File Dispositive Motions**. |
| | No Dispositive motion may be filed after this date without leave of the Court. |
| | Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties</u>. |
| July 13, 2020 | **Deadline to Complete Expert Discovery**. |
| June 22, 2020 | **Serve Disclosure for Rebuttal Expert Witnesses** (non-claim construction issues). |
| June 1, 2020 | **Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof** (non-claim construction isses). |

| May 25, 2020 | **Deadline to complete Fact Discovery and File Motions to Compel Discovery**. |
|---|---|
| May 1, 2020 | **Deadline to Complete Mediation**.<br><br>The parties are responsible for ensuring that a mediation report is file no later than 5 days after the conclusion of mediation. |
| April 24, 2020 | **Deadline to Substantially Complete Document Production and Exchange Privilege Logs**.<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| April 24, 2020 | **Comply with P.R. 3-7 (Opinion of Counsel Defenses)**. |
| April 3, 2020 | **Claim Construction Hearing - 1:30 p.m. before Judge Jeremy D. Kernodle, 221 W. Ferguson St., 1st Floor, Tyler, Texas**. |
| March 20, 2020 | **Comply with P.R. 4-5(d) (Joint Claim Construction Chart)**. |
| March 13, 2020 | **Comply with P.R. 4-5(c) (Reply Claim Construction Brief)**. |
| March 6, 2020 | **Comply with P.R. 4-5(b) (Responsive Claim Construction Brief)**. |
| February 21, 2020 | **Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)**.<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| February 7, 2020 | **Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery)**. |
| January 31, 2020 | **File Response to Amended Pleadings**. |
| January 17, 2020 | **File Amended Pleadings**.<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| January 10, 2020 | **Comply with P.R. 4-3 (Joint Claim Construction Statement)**. |
| December 19, 2019 | **Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions)**. |
| November 29, 2019 | **Comply with P.R. 4-1 (Exchange Proposed Claim Terms)**. |

| | |
|---|---|
| November 7, 2019 | **Comply with P.R. 3-3 & 3-4 (Invalidity Contentions)**. |
| September 30, 2019 | **File Proposed Protective Order and Comply with Paragraph 3 of the Discovery Order (Additional Disclosures)**.<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| September 2, 2019 | **Join Additional Parties**. |
| August 30, 2019 | **File Notice of Mediator**. |
| August 26, 2019 | **Comply with P.R. 3-1 & 3-2 (Infringement Contentions)**. |
| June 14, 2019 | **Per D.I. 11 ¶ VI, Comply with Paragraph 1 of the Discovery Order (Initial Disclosures)**. |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**INDEFINITENESS:**

In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**SETTLEMENT CONFERENCE AND STATUS REPORT**

**a.** **Settlement Conference:**

By the deadline provided above, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means.

**b.**     **Joint Settlement Report:**

Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

**PRETRIAL MATERIALS**

**a.**     **Pretrial Order:**

Plaintiff's counsel shall file the **joint pretrial order**, which must include each matter listed in the final pretrial order available on Judge Kernodle's website and the **estimated length of trial**. If counsel for any party does not participate in the preparation of the joint pretrial order, opposing counsel shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate).  Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language **is not an excuse for submitting separate pretrial orders**.  When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

**b.**     **Witness List:**

Each party shall file a **list of witnesses**, dividing the listed witnesses into groups of "**probable witnesses**," "**possible witnesses**," "**experts**," and "**record custodians**" and which provides:

- **(i)**     the **name and address** of each witness;
- **(ii)**    a **brief narrative summary** of the testimony to be covered by each witness;
- **(iii)**   whether the witness has been **deposed**; and
- **(iv)**   the **expected duration** of direct or cross-examination of the witness.

The Witness list will include three columns.  The first column will contain a brief statement of the subject matter to be covered by a particular witness.  The second column will bear the heading "Sworn" and the third column will bear the heading "Testified" so that the Court can keep track of the witnesses at trial.

If any witness needs an interpreter, please note this on the witness list.  It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

**c.**     **Exhibit List:**

Each party shall file a **list of exhibits (including demonstrative exhibits)** to be offered at trial.  The list of exhibits shall describe with specificity the documents or things in numbered

sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. (Modification of Local Rule 26.2(b), (c)). Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C). The Exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

> **(i)** the parties agree to the admissibility of the exhibit; or
>
> **(ii)** the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

### d.    Voir Dire:

The parties shall file any **proposed voir dire questions** for the Court to ask during its examination of the jury panel as an attachment to the pretrial order. The filing should note whether each question is agreed to by both parties or which party proposes the question.

### e.    Trial Briefs:

Trial briefs may be filed by each party by the deadline for the pretrial order. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

## MODIFICATION OF SCHEDULING ORDER

As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request that the trial date of this case be modified must be made (a) **in writing** to the Court, (b) **before** the deadline for completion of discovery.

**DISCOVERY DISPUTES**

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules.  The hotline is the best means to obtain an immediate ruling on whether a discovery request is relevant to any claims or defenses and on disputes arising during depositions.  The hotline number is (903) 590-1198.  *See* Local Rule CV-26(e).

**Before filing** a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith concerning the disputes.  If an agreement cannot be reached and counsel believe that the dispute may be quickly resolved with a call to the hotline, then counsel should call the hotline.  If the dispute is not resolved by conferring in good faith or by the magistrate judge via the hotline, then a party may file an appropriate motion.  Any such motion should include a certification by counsel describing the steps taken to comply with this paragraph, including whether the parties called the hotline or why they believed that the hotline was not appropriate to resolve the dispute.

**ELECTRONIC DISCOVERY**

In cases involving disputes over extensive electronic discovery, counsel for both sides shall review the court's [Model] Order Regarding E-Discovery in Patent Cases before contacting the Hotline or filing motions to compel or to quash.  The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery will likely be based, at least in part, on that model order.  *See* ED Texas Website under Quick Links / Forms / Patent Forms / Order Regarding E-Discovery in Patent Cases.

**RESOURCES**

The Eastern District of Texas website (www.txed.uscourts.gov) contains information about Electronic filing, which is mandatory, Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information.

**COMPLIANCE**

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both.  If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.  *See* Local Rule AT-3(j).

**INQUIRIES**

      Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the Eastern District of Texas website.

      So **ORDERED** and **SIGNED** this **13th** day of **June, 2019.**

      *[signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE